# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
        Plaintiff, )
)
)
)
v. )    Cr. ID. No. 0002019767
)
)
)
KUSHAL KALPAN SHAH, )
f.k.a. GERRON LINDSEY, )
        Defendant. )

Date submitted: April 25, 2017
Date decided: August 23, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S ELEVENTH MOTION FOR POSTCONVICTION RELIEF AND MOTION FOR APPOINTMENT OF COUNSEL

Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, DE, 19801.

Kushal K. Shah, f.k.a. Gerron Lindsey, *pro se*.

**MANNING**, Commissioner:

This 23rd day of August, 2017, upon consideration of defendant Kushal K. Shah's motion for postconviction relief (hereinafter the "Motion"), I find and recommend the following:

## Procedural History

Shah pled guilty but mentally ill on April 9, 2002 to one count of Murder in the First Degree. He was thereafter sentenced to Life in prison without the possibility of parole. Almost immediately after pleading guilty Shah moved to withdraw his guilty plea—a request that was repeatedly denied. Since that time, Shah has ceaselessly litigated in an unsuccessful effort to undo his guilty plea. The docket in this case reflects that the instant Motion, filed on April 18, 2017, is Shah's eleventh motion for postconviction relief.

Shah's claims for postconviction relief, quoted verbatim, are as follows:

Ground One: *Miller v. Alabama* violation. Movant's sentence did not meet constitutional standards because there was no consideration of his immature brain development.

Ground Two: Ineffective Assistance of Counsel. This claim is as well based on the decision in *Miller v. Alabama* because counsel failed to consider Movant's youth and lack of brain development at the time of the offense.

1

## Analysis

It is well established that he procedural requirements of Superior Court Criminal Rule 61 must be addressed before considering the merits of any argument.[1]

Shah's Motion was filed on April 18, 2017, over 14 years from the date his conviction became final. Therefore, pursuant to Rule 61(i)(1), the Motion is untimely. Additionally, this is Shah's eleventh motion for postconviction relief and it is therefore a successive motion subject to the procedural requirements of Rule 61(i)(2). Because Shah's claims do not allege with particularity any new evidence that creates a strong inference of his actual innocence, nor a new claim of constitutional law that is retroactive to his case, he has failed to meet the pleading requirements of Rule 61(i)(2).

In his Motion, Shah cites to *Miller v. Alabama*, 562 U.S. 460 (2012), as the basis for his argument. In *Miller*, the Unites States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders. The facts in this case are that Shah pled guilty and was sentenced as an adult.[2] Even assuming what Shah's argues is true—that counsel failed to consider Movant's youth and lack of brain

---

[1] *See Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[2] As part of his Motion, Shah conceded that "on the day of the offense I had reached the chronological age of adulthood (18). However, I was merely 21 days over 18."

2

development at the time of the offense—the holding in *Miller* does not reach as far as Shah would like. Thus, *Miller* is not applicable to Shah's case.

Finally, Shah's motion for appointment of counsel should be denied as it fails to meet the pleading requirements of Rule 61(d)(2).

## Conclusion

For the foregoing reasons, Shah's Motion is procedurally barred and should be Summarily Dismissed pursuant to Rule 61(d)(5).

**IT IS SO RECOMMENDED.**

_____
Bradley V. Manning,
Commissioner

oc:    Prothonotary
cc:    Defendant via first class mail

3